IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | CASE NO. 6:20-CR-00018-JCB-JDL |
| vs. | § | |
| | § | |
| | § | |
| | § | |
| DAKOTA JAMES JERKES | § | |

**REPORT AND RECOMMENDATION
ON REVOCATION OF SUPERVISED RELEASE**

On April 29, 2025, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Lucas Machicek. Defendant was represented by Assistant Federal Defender Ken Hawk.

*Background*

After pleading guilty to the offense of Possession of Child Pornography, a Class C felony, Defendant Dakota James Jerkes was sentenced on March 29, 2022, by United States District Judge J. Campbell Barker. The offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 33 and a criminal history category of I, was 135 to 168 months. After accepting a binding plea agreement, the Court sentenced Defendant to imprisonment for a term of 60 months, followed by a 10-year term of supervised release subject to the standard conditions of release, plus special conditions to include sex offender registration requirements, financial disclosure, substance abuse testing and treatment, mental health treatment and medication, sex offender treatment and testing, restrictions from contact with minors under age 18, restrictions from accessing the internet, computer monitoring requirements, restrictions from use of photo or camera equipment, restrictions from sexually

1

explicit material, and search requirements. Defendant completed his term of imprisonment and started his term of supervised release on December 12, 2023.

*Allegations*

In the Petition seeking to revoke Defendant's supervised release, filed on September 30, 2024, United States Probation Officer Ashley McKinney alleges that Defendant violated the following conditions of supervised release:

1. **Allegation 1 (special condition 8): The defendant must not purchase, possess, have contact with, or otherwise use any device that can be connected to the Internet or used to store digital materials, other than that approved by the U.S. Probation Office. The defendant must allow the U.S. Probation Office to install software on any approved device that is designed to record any and all activity on the device that the defendant may use, including but not limited to capture of keystrokes, application information, Internet use history, e-mail correspondence, pictures, and chat conversations. The defendant will pay any costs related to the monitoring of your authorized device and must advise anyone in his household that may use any authorized device in question that monitoring software has been installed. If the defendant needs access to an employer owned Internet-equipped device for employment purposes, he must advise his probation officer before using the device. The probation officer will ensure the defendant's employer is aware of his criminal history, and the defendant must agree to use the device for work purposes only.** It is alleged that Defendant, on September 24, 2024, admitted to using an internet-capable device (i.e. his mother's smartphone) to access the internet without approval since approximately June 2024.

2. **Allegation 2 (special condition 11): The defendant must not possess or view any images in any form of media or in any live venue that depicts sexually explicit conduct. For the purpose of this special condition of supervision, the term "sexually explicit conduct" is as defined under 18 U.S.C. § 2256(2)(A) and is not limited to the sexual exploitation of children. The defendant must provide the probation officer with access to any requested financial information to determine if he has purchased, viewed, or possessed sexually explicit material.** It is alleged that Defendant, on September 24, 2024, admitted to accessing online pornographic websites to view online pornography on at least two different occasions since approximately June 2024.

3. **Allegation 3 (standard condition 4): The defendant must answer truthfully the questions asked by the probation officer.** It is alleged that Defendant, on September 24, 2024, admitted to being untruthful with the probation officer regarding alleged violations since June 2024.

4. **Allegation 4 (special condition 4): The defendant must participate in a sex offender treatment program. The defendant must abide by all rules and regulations of the treatment program, until discharged. The probation officer, in consultation with the treatment provider, will supervise participation in the program. The defendant must pay any costs associated with treatment and testing. Should the defendant fail to pay as directed, he must perform 3 hours of community service for each unpaid session.** It is alleged that Defendant was unsuccessfully discharged from sex offender treatment on September 26, 2024 for failing to comply with the rules of the treatment program, as reported by the sex offender treatment provider.

*Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class C felony. Accordingly, the maximum imprisonment sentence that may be imposed is 2 years. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release as alleged in the petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was I. The guidelines provide that Defendant's guideline imprisonment range for a Grade C violation is 3 to 9 months.

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

*Hearing*

On April 29, 2025, Defendant appeared for a final revocation hearing. Assistant United States Attorney Lucas Machicek announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 2 of the petition and to jointly request a sentence of imprisonment for a term of time-served to be followed by a 10 year term of supervised release. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 2 of the petition.

*Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 2 of the petition is true. Defendant is guilty of a Grade C supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to imprisonment for a term of time-served to be followed by a 2-year term of supervised release. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

## RECOMMENDATION

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 2 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to imprisonment for a term of time-served to be followed by a 10-year term of supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court.  Defendant waived those rights and executed a written waiver in open court.  The Government also waived its right to object to the Report and Recommendation.  It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to imprisonment for a term of time-served to be followed by a 10-year term of supervised release.

So ORDERED and SIGNED this 29th day of April, 2025.

*K. Nicole Mitchell*
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE